

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-89,087-01 AND WR-89,087-02

### EX PARTE REBECCA STEVENS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 5963-A AND 5964-A IN THE 451ST DISTRICT COURT
### FROM KENDALL COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges of delivery of a controlled substance in a drug free zone, and was sentenced to fifteen years' imprisonment in each case, to run concurrently.

Applicant contends, among other things,[1] that her trial counsel rendered ineffective assistance and that her guilty pleas were not knowingly and voluntarily entered. Applicant alleges that trial

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

counsel failed to investigate, failed to file a pre-trial motion to suppress evidence, failed to authenticate audio and video recordings, failed to question the credibility of the informant, failed to challenge the State's evidence, and failed to investigate or challenge the drug free zone allegations. Applicant alleges that trial counsel persuaded her to plead guilty and sign plea paperwork suggesting that there was a plea agreement when in fact there was no plea agreement, and then failed to preserve Applicant's right to appeal.

The plea papers in fact indicate that there was no agreement as to punishment, but the judgments suggest that there was a plea agreement. The trial court's certifications of Applicant's right to appeal indicate that Applicant waived her right to appeal, but the plea documents contain no express waiver of appeal. If these were open pleas, Applicant should have retained her right to appeal. If Applicant did expressly waive her right to appeal, the State must have provided consideration in exchange for such a waiver, but the records do not reflect any such consideration.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas records with transcripts of the plea and

sentencing proceedings. If there were any written motions filed and ruled on prior to trial, the trial court shall also supplement the habeas records with copies of such motions. The trial court shall make findings of fact and conclusions of law as to whether Applicant's pleas were open pleas to the court as the plea papers suggest, or were entered pursuant to plea agreements as the judgments indicate. If these were open pleas, the trial court shall make findings of fact and conclusions of law as to whether Applicant expressly waived her right to appeal, and if so, shall supplement the records with copies of such waivers. If Applicant entered open pleas to the trial court and did expressly waive her right to appeal, the trial court shall make findings of fact and conclusions of law as to whether Applicant received consideration in exchange for such waiver, and if so, what such consideration was. The trial court shall make findings of fact and conclusions of law as to whether Applicant's pleas were knowingly and voluntarily entered.

The trial court shall also make findings of fact as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 31, 2018
Do not publish